UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. 15-41-M |
| v. | |
| MACKENZY SCOTT | |

FILED
2016 SEP -6 P 2:53
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and Defendant, Mackenzy Scott, have reached the following agreement:

1.    Defendant's Obligations.

    a.    Defendant will plead guilty to Count 1 of the Indictment, which charges Defendant with conspiracy to commit sex trafficking of minors, in violation of 18 U.S.C. § 1594(c). Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2.    Government's Obligations.    In exchange for Defendant's plea of guilty:

    a.    The United States and Defendant will recommend to the Court, as a reasonable sentence, that Defendant be sentenced to a term of incarceration of 60 months incarceration. The parties understand that if this plea agreement is accepted by the Court, the Court will impose a sentence of 60 months incarceration. Defendant is aware

1

that his sentence is within the sound discretion of the Court. Defendant further understands that under Rule 11(c)(1)(C), the Court may accept or reject the plea agreement, or may defer its decision as to its acceptance or rejection until it has considered the presentence report. If the Court rejects the plea agreement, the Court shall, on the record, inform the parties of this fact, and afford Defendant an opportunity to withdraw the guilty plea, and advise Defendant that if Defendant persists in a guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated in the plea agreement. In addition, as part of the terms and conditions of this plea agreement, the parties agree that should the Court reject the plea agreement, the United States reserves its right to withdraw from its obligations under the same.

  b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

  c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

    d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

    e. The government will, at the time of sentencing, move to dismiss Counts 2-7 of the indictment.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

    a. The defendant conspired to recruit, entice, harbor, transport, provide, obtain and maintain a person under the age of 18 who was caused to engage in a commercial sex act, contrary to 18 U.S.C. § 1591(b)(2). Therefore, the base offense level is Level 30 pursuant to U.S.S.G. § 2G1.3(a)(2).

    b. The offense involved the commission of a sex act or sexual contact. Therefore, a 2 level enhancement applies pursuant to U.S.S.G. § 2G1.3(b)(4).

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense to which Defendant is pleading are life imprisonment, a fine of $250,000, a term of supervised release of between 5 years and life and a mandatory special assessment of $100:

7. Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

    a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

    b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

    c. Defendant has the right to a jury trial;

    d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

    e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

    f.  Defendant waives these trial rights if the Court accepts a plea of guilty.

    g.  Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

9.    The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10.    Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed.

12. Defendant hereby waives Defendant's right to appeal the conviction and sentence imposed by the Court, if the sentence imposed by the Court is 60 months of imprisonment or less. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____  
MACKENZY SCOTT  
Defendant

9/1/16  
Date

_____  
Mary June Ciresi, Esq.  
Counsel for Defendant

1 September 2016  
Date

_____  
Lee H. Vilker  
Assistant U.S. Attorney

9/1/16  
Date

_____  
Sandra R. Hebert  
Assistant U.S. Attorney  
Deputy Chief, Criminal Division

9/1/16  
Date